1 | **STEPHEN F. HENRY, ESQ.**
2 | STATE BAR # 142336
3 | 2625 Alcatraz Avenue, # 615
    Berkeley, California 94705
4 | Telephone: (510) 898-1883
    Facsimile (510) 295-2516
5 | shenry@SHenrylaw.com
6 | Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR

THE NORTHERN DISTRICT OF CALIFORNIA



| | |
|---|---|
| MELANIE O'REILLY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>VALLEY ENTERTAINMENT, INC., a corporation, ST. CLAIR ENTERTAINMENT GROUP INC., a corporation, and DOES ONE through FIFTY, inclusive,<br><br>Defendants. | Case No. **CV 09 3580**<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES FOR INFRINGEMENT OF COPPYRIGHT**<br><br>**AND DEMAND FOR JURY TRIAL** |

1. This is an action by Melanie O'Reilly, an Irish citizen and a California resident to recover damages arising from infringement of O'Reilly's copyrights in her creative works by Defendants Valley Entertainment, Inc. ("Valley") and St. Clair Entertainment Group, Inc. ("St. Clair") and DOES 1-21, whose names have not yet been determined, and to enjoin Defendants from future infringement.

JURISDICTION

2. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement and related claims pursuant to 17 U.S.C. §§ 101, et. seq., and 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has supplemental jurisdiction over Plaintiff's claims arising under the laws of California pursuant to 28 U.S.C. § 1367(a) because these claims are so related to

CASE NO. 1 COMPLAINT FOR DAMAGES

1 Plaintiff's claims under Federal Law that they form part of the same case or controversy and
2 derive from a common nucleus of operative fact.
3     4.     The Court has personal jurisdiction over Defendants. Defendant Valley operates
4 in California. All Defendants solicit, transact, and are doing business within the State of
5 California and have committed unlawful and tortuous acts both within and outside the State of
6 California causing injury in California. Plaintiff's claims arise out of the conduct that gives rise
7 to personal jurisdiction over Defendants.

## INTRADISTRICT ASSIGNMENT

    5.     Since this matter is based in copyright it may be assigned to any of the three divisions of the District Court for the Northern District of California.

## VENUE

    6.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a).

## FACTS COMMON TO ALL CLAIMS

    7.     Each of the musical works at issue in this action is of obvious high production value and is easily discernable as a professional work.

    8.     Each of the musical works at issue in this action is either registered to Plaintiff or has an application for registration pending.

    9.     Defendants knew the infringed works belonged to Plaintiff.

    10.     All Defendants knew or should have known that Plaintiff's principle place of business is in Berkeley, California and that infringement of its works was likely to cause harm in California.

    11.     Defendants, without authorization, copied, distributed and/or publicly displayed at least six works owned by and registered to Plaintiff.

## FIRST CAUSE OF ACTION
### (Copyright Infringement – 17 U.S.C. §501)

    12.     Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 11, inclusive.

    13.     Without authorization, Defendants reproduced and distributed the following

CASE NO.     2     COMPLAINT FOR DAMAGES

Plaintiff owned works:

        Oilean Draiochta

        Tir Na Mara

        Annie Moore

        This Place

        Mo Bhron Ar An Bhfarrage

14. Plaintiff did not authorize Defendants' copying, display or distribution of her works.

15. Defendants infringed the copyrights in Plaintiff's creative works by reproducing, distributing and/or publicly displaying the works without proper approval or authorization of Plaintiff.

16. Defendants knew the infringed works belonged to Plaintiff and that they did not have permission to exploit Plaintiff's works.

17. Each of the Doe Defendants' distributed Plaintiff's works without proper approval or authorization of Plaintiff.

18. Defendants knew their acts constituted copyright infringement.

19. Defendants' conduct was willful within the meaning of the Copyright Act.

20. As a result of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. § 501. Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to its business reputation and goodwill.

21. Plaintiff is entitled to recover damages, which include its losses and any and all profits Defendants have made as a result of its wrongful conduct. 17 U.S.C. § 504. Alternatively, Plaintiff is entitled to statutory damages under 17 U.S.C. § 504(c).

22. In addition, because Defendants' infringement was willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

23. Plaintiff is entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

CASE NO.                                         3        COMPLAINT FOR DAMAGES

## SECOND CAUSE OF ACTION

(Contributory Copyright Infringement)

24. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 23, inclusive.

25. Numerous individuals and entities directly infringed Plaintiff's copyrighted works.

26. Defendants induced, caused and materially contributed to the infringing acts of others by encouraging, inducing, allowing and assisting others to reproduce and distribute Plaintiff's works.

27. Defendants had knowledge of the infringing acts relating to Plaintiff's works.

28. The acts and conduct of Defendants, as alleged above in this Complaint constitute contributory copyright infringement.

## PRAYER

WHEREFORE, Plaintiff respectfully requests judgment as follows:

(1) That the Court enter a judgment against Defendants that they have:

    a. willfully infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501,

    b. willfully violated Plaintiff's assigned rights of publicity in violation of California common law and Cal. Civ. Code §3344; and

    c. otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint.

(2) That the Court issue injunctive relief against Defendants, and that Defendants, their agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with they, be enjoined and restrained from copying, posting or making any other infringing use or infringing distribution of musical works or other materials owned by or registered to Plaintiff;

(3) That the Court enter an order of impoundment pursuant to 17 U.S.C. §§ 503 and 509(a) impounding all infringing copies of Plaintiff's musical works or other materials, which are in

CASE NO.     4    COMPLAINT FOR DAMAGES

1  Defendants' possession or under its control;

2  (4) That the Court order Defendants to pay Plaintiff's general, special, actual and statutory damages as follows:

    a. Plaintiff's damages and Defendants' profits pursuant to 17 U.S.C. § 504(b), or in the alternative, enhanced statutory damages pursuant to 17 U.S.C. § 504(c)(2), for Defendants' willful infringement of Plaintiff's copyrights; and

(5) That the Court order Defendants to pay Plaintiff costs and attorney's fees pursuant to 17 U.S.C. § 504.

(6) That the Court grant to Plaintiff such other relief as it deems proper.

Dated: August 4, 2009

STEPHEN F. HENRY, ESQ.

By: _____
STEPHEN F. HENRY
Attorney for Plaintiff

CASE NO.                    5           COMPLAINT FOR DAMAGES

Plaintiff demands trial by jury in this action.

Dated: August 4, 2008

STEPHEN F. HENRY, ESQ.

By: _____
STEPHEN F. HENRY
Attorney for Plaintiff